**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marilyn Voncelle JUDD, Defendant-Appellant.**

**No. 25749.**

United States Court of Appeals, Ninth Circuit.

Oct. 27, 1970.

Rehearing Denied Nov. 20, 1970.

W. Keith Woodmansee (argued), Walnut Creek, Cal., for defendant-appellant.

David Curnow (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty.,

David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for plaintiff-appellee.

Before JERTBERG, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Following a jury trial, appellant Marilyn Voncelle Judd, together with her husband, Paul Judd, were convicted on Counts One, Two and Three of a six count indictment.

Count One charged a violation of 21 U.S.C. § 174 on or about September 3, 1969, when the appellant and her husband knowingly received, concealed and facilitated the concealment and transportation of 29.00 grams of heroin which they knew had been previously imported into the United States of America.

Count Two charged that appellant and her husband knowingly and unlawfully sold and facilitated the sale to Federal Agent Lawrence Lusardi the same heroin, which they knew had been imported into the United States contrary to law.

Count Three charged that appellant and her husband sold the same amount of heroin to Agent Lusardi without obtaining from him a written order on a form issued for that purpose by the Secretary of the Treasury of the United States, contrary to 26 U.S.C. § 4705(a).

Paul Judd together with co-defendants Hovsepian, Sotelo, Camarillo and Prince were named in Counts Four, Five and Six of the indictment. The three offenses charged in said counts are similar to the offenses set forth in Counts One, Two and Three. The three offenses allegedly occurred on or about September 19, 1969, involved 648.40 grams of heroin, and the sale of said heroin was made to the same Federal Agent named in Counts Two and Three.

At the conclusion of the Government's case, appellant moved the district court for judgment of acquittal, which was denied, and at the conclusion of all of the testimony the motion for acquittal was renewed and again denied. After conviction the appellant moved the district court for jugment of acquittal, or, in the alternative, for a new trial. On the hearing of such motion the court granted the motion for judgment of acquittal as to Counts One and Two on the ground "[T]hat there was not sufficient evidence of possession on the part of Mrs. Judd," and denied the motion for acquittal and for a new trial as to Count Three, and appellant was thereupon committed to the custody of the Attorney General for five years.

While the appellant urges several contentions on this appeal, we need to consider only the contention that the evidence was insufficient to sustain the conviction on Count Three.

Counts One, Two and Three all relate to the same heroin and the same transaction. The acquittal of appellant on Counts One and Two was based upon the determination by the district judge that appellant never had either actual or constructive possession of the heroin, and never aided or abetted her husband in the concealment, transportation or sale of said heroin. In view of such determination we are compelled to hold that the evidence is insufficient to sustain the conviction of appellant on Count Three which charges that appellant sold the heroin to Agent Lusardi without obtaining from him the order form required by 26 U.S.C. § 4705(a).

The judgment of conviction of appellant on Count Three is reversed and the cause remanded to the district court with instructions to dismiss the indictment as to appellant.